**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

CRYSTAL WILSON,                         )
                                        )
                 Plaintiff,             )
                                        )
v.                                      )   No. 09-00175-CV-W-FJG-SSA
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner, Social Security          )
Administration                          )
                                        )
                 Defendant.             )

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental

security income benefits under Title XVI.  42 U.S.C. §§ 401 et seq.  and 1381 et seq.

Plaintiff's application for benefits was denied initially.  Thereafter, plaintiff requested an

administrative hearing.  On September  23, 2004, following a hearing, the ALJ rendered

a decision finding that plaintiff was not under a "disability" as defined under the Social

Security Act.  Plaintiff then requested review by the Appeals Council.  On March 17,

2005, the Appeals Council granted plaintiff's request for review and remanded the case

for further proceedings.  Supplemental hearings were held on March 25, 2006 and

October 16, 2006.  On March 28, 2007, the ALJ issued a decision finding that plaintiff

was not under a disability.  The Appeals Council denied plaintiff's request for review on

January 2, 2009.  Thus, the decision of the ALJ stands as the final decision of the

Commissioner.  The facts and arguments are presented in the parties' briefs and will not

be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's

denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

Plaintiff argues that the ALJ failed to consider plaintiff's migraine headaches as a severe impairment, improperly discredited the opinion of plaintiff's treating physician, Dr. Christine Moore, improperly assessed plaintiff's residual functional capacity and improperly weighed plaintiff's credibility. The Court agrees that the ALJ did not properly consider plaintiff's migraine headaches as a severe impairment and that she improperly discredited the opinion of the treating physician and also improperly assessed plaintiff's residual functional capacity.

Plaintiff asks that the Court reverse this decision and award her benefits. Rather, the Court finds that the appropriate course is to reverse and remand and allow the ALJ an opportunity to correct these errors.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date:   09/02/10          **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                              Chief United States District Judge